**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

AJA EVANS,

                Plaintiff,        8:23-CV-1429

  v.                            (MAD/CFH)

USA BOBSLED AND SKELETON
FEDERATION, et al.,

                Defendants.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| Carlisle Law Firm, P.C.<br>602 State Street<br>P.O. Box 757<br>Ogdensburg, New York 13669<br>Attorneys for plaintiff | EDWARD A. BETZ, ESQ. |
| Simpson Tuegel Law Form<br>3611 Swiss Avenue, Ste. 200<br>Dallas, Texas 75204<br>Attorneys for plaintiff | MICHELLE TUEGEL, ESQ.<br>MARYSSA J. SIMPSON, ESQ. |
| Wilson, Elser Law Firm<br>150 East 42nd St.<br>New York, New York 10017<br>&<br>1133 Westchester Avenue<br>White Plains, New York 10604-3407<br>Defendant USA Bobsled & Skeleton Fdn. | ERIC J. SAUTER, ESQ. |
| Covington & Burlington LLP<br>The New York Times Bldg.<br>620 Eighth Avenue<br>New York, New York 10018<br>&<br>3000 El Camino Real<br>5 Palo Alto Square<br>Palo Alto, California 94306 | MARY SWEARS, ESQ. |

Attorneys for USOPC

David A. Blythwood, Esq.  DAVID A. BYTHWOOD, ESQ.
310 Old Country Road, Ste. 204
Garden City, New York 11530
Attorneys for defendant Wilhelm
& Pro Chiropractic

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## DECISION & ORDER

Presently before the Court is defendants Jonathan Wilhem and Pro Chiropractic's (hereafter "defendants," where appropriate) Motion to Compel plaintiff to submit a Verified Bill of Particulars.  See Dkt. No. 71.  Plaintiff opposed the Motion to Compel.  See Dkt. No. 73.  Defendants replied.  See Dkt. No. 75.

As an initial point, the Court observes that defendants' memorandum of law does not clearly contain legal argument.  See Dkt. No. 71-6.  Instead, it is largely a conclusory statement of the relief sought, legal argument contained almost exclusively in headings, and a summary of case law, with no or minimal application to the facts of this case.[1]  See id. Specifically, it provides, "defendants seek this court to declare that the plaintiff is in breach of contract, in breach of state and federal law and to order the plaintiff, under the law of contracts, the C.P.L.R. (3041 and 3042) and federal law to provide Jonathan Wilhelm his demanded Verified Bill of Particulars, along with such other and further relief, as to this court, is just and proper under the above as well as Rule 11."  Dkt. No. 71-6.

---

[1]  The undersigned further notes that the attorney affirmation contains brief legal argument.  See Dkt. No. 71-1 at 3 (Relief Requested: Sections I, II, arguing that "there is a contact that was breached by the plaintiff . . ." and "Documents filed in State court prior to Removal become the documents of the removed to federal court and must be enforced by the removed to federal court.") which is in violation of N.D.N.Y. Local Rule 7.1(b)(2).

2

Based on the review of the headings and cited case law, and defense counsel's affirmation, it is clear that defendants are more specifically arguing that plaintiff. Defendants contend that (1) the parties' stipulation to the extension of time for plaintiff to serve the verified bill of particulars was a contract, defendants performed on the contract, plaintiff's failure to serve the verified bill of particulars is a breach of contract, and defendants were damaged by this failure; and (2) federal court "takes the case as it finds it on removal," suggesting that this Court must enforce the requirement of a bill of particulars from state court.  See Dkt. No. 71-6 at 5-6.

As with defendants' submissions, portions of plaintiff's memorandum of law do not connect her cited case law to the facts of this case.[2]  See generally Dkt. No. 73. Despite a section titled "Arguments and Authorities," for one of the two main arguments in her opposition brief,[3] the only argument is the section headings.  See id.  However, for those sections without case-specific argument and connection of facts to case law, review of the memorandum of law's two-page "summary," its headings, and general case law listings, allows the Court to determine her arguments.  See generally id.

Plaintiff first argues that defendants have not met their burden "of demonstrating relevance of the requested materials to a claim or defense in the case."  Dkt. No. 73 at 5. Plaintiff further provides that discovery in this case is governed by Fed. R. Civ. P. 26(b), which provides that discovery can have its limits, including prohibiting cumulative,

---

[2]  Plaintiff failed to submit an attorney affirmation.  Defendants argue in their reply that "plaintiff has submitted a non-evidentiary Memorandum of Law" which is "not evidence"; this, defendants argue that "the plaintiff's memorandum of law is not and cannot be used as or considered evidence."  Dkt. No. 75 at 1.
[3] See Dkt. No. 73 at 5-6, Section III(A): "Wilhelm has not Satisfied his Buren."

3

duplicative, burdensome discovery, and considerations of proportionality.  See id. at 5-6.

Next, plaintiff argues that, contrary to defendants' argument, C.P.L.R. 2014 does not require a different result, contending that "New York Courts have held that certain things are beyond stipulation," "require approval of the court," and are "subject to contractual rules of interpretation, which will be in accordance with the parties' intent." Dkt. No. 73 at 7 (citing cases).  Plaintiff further notes that defendants have failed to "articulate what information he seeks, and thus, cannot satisfy his own burden." Id. at 4.  Plaintiff notes that defendants "did serve discovery under the Federal Rules, and Plaintiff responded.  Yet, Defendant does not seek to compel any discovery pursuant to those requests – nor has Defendant served an interrogatories as of the date of this Response, demonstrating Defendant's lack of genuine need." Id.

Plaintiff's specific performance argument is more developed.  See Dkt. No. 73. Plaintiff argues that what defendants are seeking is a motion for specific performance, which is beyond what defendants sought in their pre-motion conference request "and beyond the scope granted by the Court." Id. at 3 (citing Text Min. Entry dated July 22, 2024[4]).  Plaintiff argues that the parties' intent in signing the stipulation allowing for an extension of time "was not to subvert the Federal Rules, or substitute state procedure for Federal Procedure." Id. at 7.  Plaintiff provides that when the parties signed the stipulation, "this case was still proceeding in state court," and when defendants removed the matter to this Court, "Plaintiff considered the state court discovery and state court stipulation moot" as the "parties' intent was clearly to proceed in Federal Court" Id.

---

[4]  Plaintiff cites a text minute entry dated July 24, 2024, but this appears to be a scrivener's error.  See Dkt. No. 73 at 3.

4

Plaintiff further argues that all the stipulation agrees to is "that the time to respond would be enlarged" but does "not purport to change or contract around applicable rules of procedure, which . . . would be void as a matter of public policy." Id.  Plaintiff contends that because defendants removed this case to federal court on November 15, 2023, the matter is governed by federal procedure.  See id. at 3-4 (citing FED. R. CIV. P. 81(c)).

Plaintiff also argues, "[t]o waive Federal Court procedure in favor of state court procedure would cause unnecessary confusion, expense, and conflicting law." Dkt. No. 73 at 8.  Plaintiff predicts, if it were compelled to serve a Verified Bill of Particulars "and Defendant was not satisfied with Plaintiff's responses and compelled same (just as Defendant is doing here), then the Court would be forced to wade into state court procedure," which she argues is "[o]bviously against public policy[.]" Id. at 8.

In a reply affirmation,[5] defendants cite to general case law and focuses on the "purpose" of a verified bill of particulars and appear to suggest that their intent in seeking the verified bill of particulars is to "enable the defendants to be able to defend against allegations by having a better understanding of what is meant and intended by the plaintiff by causing plaintiff to better state what they are referring to . . . ."[6]  See Dkt. No. 75.  Defendants point to instances of ambiguity in the complaint and suggest that the verified bill of particulars is required or it will be "impossible" for defendants to defend against allegations. Id. at 4.  Defendants argue that plaintiff does not understand the purpose of a verified bill of particulars and contention that it is "not a discovery device." Id. at 3, 7.

---

[5]  Defendants do not submit a reply memorandum of law, but an affirmation that includes case law and legal argument.  Legal argument is to be set forth in a memorandum of law.  See Local Rule 7.1
[6]  Nor do they provide a single case where a matter was transferred from state court to federal court, prior to the filing of a verified bill of particulars, and the federal court required such filing.  See Dkt. No. 75.

5

Defendants' motion is denied. Even acknowledging the general case law defendants cite regarding stipulations, considering the specific facts of this case, plaintiff did not contractually agree to submit a bill of particulars. Instead, the plaintiff agreed to an extension of time to submit the bill of particulars. Had the matter remained in state court, presumably plaintiff would have submitted a bill of particulars. However, defendants transferred the matter to this Court before the expiration of that deadline. Upon transferring the matter to this Court, procedure is governed by the federal rules.

Further, defendants show no support for their arguments that they are damaged by the lack of a verified bill of particulars. Despite vaguely arguing in the attorney affirmation that defendants have been "[d]eprived of significant evidence/information without which evidence/information it is impossible for him to properly defend against the ambiguous and conclusory allegations of the plaintiff," Dkt. No. 71-1 at 3, defendants have provided no support or explanation of any "evidence/information" they have or were unable to obtain through the federal discovery process, should they have taken proper advantage of it. Indeed, defendants and plaintiff have engaged – or should have engaged – in discovery in this Court. Through the federal discovery process, defendants have had the opportunity to serve interrogatories, hold depositions, and seek information of the kind sought in a verified bill of particulars, subject to reasonable objections and the federal rules. See, e.g., Dkt. No. 73 at 4 ("As the Court pointed out, Defendant Wilhelm has not served any Interrogatories as of the date of this Response.) Ultimately, defendants have not demonstrated that without a verified bill of particulars they will be unable to defend against the allegations in the complaint; will not have "a full and fair opportunity to defend against all of that charge, by plaintiff, against

them in the complaint"; or that they will not have "the satisfaction of their constitutionally guaranteed right to an impartial adjudicator . . . ."[7] Dkt. No. 75 at 3-5.

Defendants' statement in its attorney's reply affirmation, that the purpose of a verified bill of particulars is to "clarify the pleading" and not serve as a discovery device does not change the result. The federal discovery process is the method through which litigants seek, and can obtain, such "clarification."

As the Court advised defense counsel in the pre-motion conference, this motion to compel a verified bill of particulars is a round-about and improper way to seek information without using the federal discovery process. This matter was removed to this Court before a verified bill of particulars was filed, and federal discovery rules apply.

Accordingly, the motion to compel is denied in its entirety.

**WHEREFORE**, for the reasons set forth herein, it hereby

**ORDERED**, that defendants' Jonathan Wilhelm and Pro Chiropractic's Motion to Compel plaintiff to submit a verified bill of particulars, Dkt. No. 71, is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 11, 2024
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] As plaintiff points out, such a suggestion would lead one to wonder how any defendant proceeding in any proceeding in federal court would ever be able to defend against claims against them.